### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GREGORY SCOTT DOUGLASS,<br><br>Defendant. | CRIMINAL ACTION NO.<br>1:12-cr-00149-WMR |

### ORDER

In 2012, Defendant Gregory Scott Douglass pled guilty to two counts of distributing child pornography. [Docs. 1, 9.] The Court sentenced Mr. Douglass to 60 months in prison and 10 years of supervised release. [Doc. 16 at 2–3.] He was also required to pay a $200 special assessment, a $7,000 fine, and $4,000 in restitution, all of which he paid almost immediately. [*Id.* at 1, 5–6; Doc. 18.]

Mr. Douglass was released from prison on January 13, 2017, and he has been on supervised release for over five years. [*See* Doc. 21 at 4.] He now moves for termination of his supervised release and argues that the relevant 18 U.S.C. § 3553(a) factors support termination. [*See id.* at 1, 7–21.] The Government "does not oppose the relief sought" by Mr. Douglass. [Doc. 23 at 1.]

The Court may—after considering the factors in Section 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7)—"terminate a term of supervised release and

discharge the defendant released at any time after the expiration of one year of supervised release," if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  The Court's decision whether to terminate a term of supervised release lies "in its discretion."  *United States v. Johnson*, 877 F.3d 993, 998 (11th Cir. 2017).

The Court grants Mr. Douglass's motion for early termination of his supervised release.  Mr. Douglass is eligible for termination because he has been on supervised release for more than one year.  In addition, the Court finds that the Section 3553(a) factors support termination and that termination is warranted by Mr. Douglass's conduct and the interest of justice.

While the nature and circumstances of the offenses were no doubt serious and do not support termination, there is also no doubt that Mr. Douglass's history and characteristics lean in favor of termination.  *See* 18 U.S.C. § 3553(a)(1).  Specifically, Mr. Douglass has taken full responsibility for his actions, sought out and completed "intense" psychosexual therapeutic treatment, and voluntarily participates in a faith-based 12-step program.  [Doc. 21 at 8–10.]  He also has a supportive network around him: a wife of over 50 years, three children, and a "large Church family."  [*Id.* at 18.]

There is little indication that the full term of supervised release is needed to deter Mr. Douglass from committing any other criminal conduct, to protect the

public from him, or to provide him with needed correctional supervision. 18 U.S.C. § 3553(a)(2)(B)–(D). Mr. Douglass is 77 years old, has had two different types of cancer since he was sentenced, and is continually "ravaged" by chemotherapy. [Doc. 21 at 2, 17 n.9.] Based on his age and health, and along with the many steps he has taken to better himself and his supportive network, the Court has little concern of recidivism.

Finally, as Mr. Douglass argues, early termination in this case "would not fall outside normal ranges of supervision terms available," *see* 18 U.S.C. § 3553(a)(4); any policy considerations are satisfied, *see id.* § 3553(a)(5); early termination would "not create a sentencing disparity between [this] case" and others, *see id.* § 3553(a)(6), and he has already paid the restitution, *see id.* § 3553(a)(7). [Doc. 21 at 14–21.]

As such, the Section 3553(a) factors support early termination of Mr. Douglass's supervised release, and termination is warranted by his conduct and the interest of justice.

Accordingly, Mr. Douglass's motion for early termination of his supervised release [Doc. 21] is **GRANTED**, and his term of supervised release is **TERMINATED**.

**IT IS SO ORDERED**, this 19th day of July, 2022.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE